65295. PANTER et al. v. MILLER et al.

DEEN, Presiding Judge.

Ruth Panter was injured when the automobile in which she was riding collided with one driven by Charles Franklin Miller, III, who was driving the wrong way on a one-way street in a vehicle owned by his father. Mrs. Panter brought suit against the Millers for $4 million and her husband brought suit for $1 million for loss of consortium. The Panters moved for summary judgment against the defendants, and Franklin Miller, Jr. (the father) moved for summary judgment. The trial court granted the Panters' motion against the son as to the issue of liability (he had filed a written stipulation admitting liability) and denied it as to damages. The Panters' motion against the father was denied and the court granted Miller partial summary judgment holding he was not liable under the family purpose doctrine, but denied his motion as to that portion of the complaint which alleged he was negligent for furnishing a vehicle to an incompetent driver.

1. The trial court erred in granting the father partial summary judgment for two reasons. First, " 'Under the rule of the Code, and the decisions of this court thereunder, admissions made in pleadings constitute a conclusive presumption of law, unless and until altered by amendment. Even though such admissions be so altered or withdrawn, they can still be used as evidence on the trial, but, in such event, not as solemn admissions in judicio so as to estop the party making them from denying them. Code §§ 38-402, 38-404, 38-114; *Mims v. Jones,* 135 Ga. 541, 544 (69 SE 824); *Lydia Pinkham Medicine Co. v. Gibbs,* 108 Ga. 138, 140-41 (33 SE 945).' *Field v. Manly,* 185 Ga. 464, 466 (195 SE 406) (1938)." *C. & S. Realty Investors v. L. G. Balfour Co.,* 152 Ga. App. 852, 853 (264 SE2d 304) (1980).

Second, there appears to be a discrepancy between the son's testimony in his deposition and his affidavit. In the deposition, he testified that he had borrowed his father's car many times previously, that he owned a 1973 Maverick which was in the shop on the day of the accident and had borrowed his father's car to drive to church. At no time did his counsel attempt to clarify either the dates on which he frequently used the Granada which was involved in the accident or whether such borrowings occurred before or after he left home. Further, no attempt was made to determine whether he had to ask permission to borrow the Granada before each use. See *Duckworth v. Oliver,* 112 Ga. App. 371 (145 SE2d 115) (1965). In his affidavit, he claimed that he did not reside in his father's household, asked permission to borrow the car on that specific occasion and had not borrowed it in over two years. Applying the rule of summary judgment that the testimony of each party is construed against him if it is contradictory, vague or equivocal, *Ryder v. Schreeder,* 224 Ga. 382 (162 SE2d 375) (1968), we find that the trial court erred in granting the father's motion as to the family purpose doctrine when this testimony was offered on his behalf by his son.

2. The enumerations relating to the issue of an insurance policy with State Farm Insurance Company was not addressed by the court below and State Farm was not made a party to this case. This court will not review such enumerations on appeal.

3. Allegations of fraud and conspiracy for the refusal of the father's insurance company to settle claims are without merit as the company is not a party to the case and the issue was not raised in or addressed by the court below.

*Judgment reversed in part. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 13, 1983 —
REHEARING DENIED JANUARY 31, 1983 — ▮▮▮▮▮▮▮▮▮

G. Seals Aiken, John L. Respess, Jr., for appellants.
Edward L. Savell, C. Wade McGuffey, Jr., for appellees.