## 76353. SHORE et al. v. LOOMIS et al.
(371 SE2d 96)

BANKE, Presiding Judge.

The appellees sued Mr. and Mrs. Shore to recover damages for their alleged breach of a lease contract. The trial court directed a verdict in the appellees' favor, and the Shores filed this appeal.

Mrs. Shore entered into negotiations with an agent of appellee McKee Realty, Inc., to lease a house owned by appellee Loomis. A preliminary rental application reflecting Mr. Shore's income and credit references was completed and signed by Mrs. Shore with her husband's signature, and a lease agreement was subsequently executed by Mrs. Shore as lessee and McKee Realty as lessor. The lease was for a term of approximately nine months, beginning on August 20, 1985, and concluding on May 31, 1986, at a rental rate of $600 per month. It also provided for a $300 security deposit. The lease contained the following pertinent termination provisions: "If the Lessee vacates said premises before the expiration of said term, without the written consent of the Lessor or his agents, the Lessor may re-enter and re-let same . . . and the Lessee shall make good to the Lessor, the difference, if any, between the total as provided in the within contract and the total rental collected and remitted from such sub-tenant or tenants. . . . Deposit not refundable if lease [is] broken." With regard to the deposit, the lease further specified: "Deposit refundable only if rent paid to date and house left in good condition."

Rent was paid through November of 1985, at which time the Shores vacated the premises without the written consent of the lessor. The appellees sued for unpaid rent, attorney fees, and costs of litigation. At the conclusion of the evidence, the trial court directed a verdict in favor of the appellees, while denying motions made on Mr. Shore's behalf to amend his answer to delete an admission that he had been a party to the lease and to obtain a directed verdict in his favor on the basis of the evidence introduced on this issue at trial. Mr. Shore himself was neither present at trial nor under subpoena to appear. *Held*:

1. The trial court correctly determined that, under the terms of the lease agreement, the lessor was entitled to recover unpaid rent in the event the lessee vacated the premises prior to the expiration of the lease. Although Mrs. Shore testified that she had been told by the leasing agent before signing the lease that the retention of the security deposit would be considered liquidated damages in the event the lessee chose to terminate the lease prior to its expiration, the trial court correctly concluded that any such pre-lease discussions had been superseded by the written document and that any subsequent agreement contrary to the written language was unenforceable because it was unsupported by consideration. The court also correctly

determined that, interpreted consistently with the other provisions of the lease, the language, "deposit refundable only if rent paid to date," could only mean that the deposit would be refunded at the expiration of the lease term if the rent payments were current at that time.

The proper construction of a written contract is generally a question of law for the court. OCGA § 13-2-1; *Peachtree &c. Investors v. Reed Drug Co.*, 251 Ga. 692, 694 (308 SE2d 825) (1983). "[A] contract should not be torn apart and construed in pieces, but the court should look to the entire instrument and so construe it as to reconcile its different parts and reject a construction which leads to contradiction, in order to ascertain the true intention of the parties, which is the real purpose of the judicial construction of contracts. [Cit.]" *Wofac Corp. v. Hanson*, 131 Ga. App. 725, 727-28 (206 SE2d 614) (1974). We hold that the application of the rules of construction set forth at OCGA § 13-2-2, with particular reference to subsection (4), specifying that the construction which will uphold all of the terms of the contract is to be preferred over a construction which will not, eliminated any ambiguity with regard to the meaning of the contractual provisions governing the return of the deposit and supported the interpretation placed on the agreement by the trial court.

2. Although in his answer Mr. Shore admitted having signed the lease agreement, the evidence introduced by the appellees at trial indicated without dispute that he had not in fact been a party to the agreement. At the conclusion of the trial, a motion was consequently made to conform the pleadings to the evidence by withdrawing the prior admission contained in his answer. Mr. Shore contends on appeal that the trial court erred both in denying this motion and in denying the subsequent motion for a directed verdict made on his behalf. We agree that the trial court should have allowed the admission to be withdrawn under the circumstances, but we hold that Mr. Shore's motion for directed verdict was nevertheless properly denied.

"[A]dmissions made in pleadings constitute a conclusive presumption of law, unless and until altered by amendment. Even though such admissions be so altered or withdrawn, they can still be used as evidence on the trial, but, in such event, not as solemn admissions in judicio so as to estop the party making them from denying them. [Cits.]" *Panter v. Miller*, 165 Ga. App. 266, 267 (299 SE2d 185) (1983). Thus, Mr. Shore's answer would have continued to provide at least some evidence upon which he could be held liable on the lease, even had the trial court allowed him to amend it. See generally *United Fed. Savings &c. Assn. v. Connell*, 166 Ga. App. 329 (304 SE2d 131) (1983).

3. For the foregoing reasons, we conclude that there was no conflict in the evidence with regard to Mrs. Shore's liability under the lease and that the trial court was accordingly authorized to direct a

verdict against her. However, because there was substantial evidence to support Mr. Shore's contention that he was not a party to the lease, we hold that the direction of a verdict against him was not authorized, and the judgment against him is accordingly reversed.

4. The appellees' motion for the imposition of damages against the appellants pursuant to OCGA § 5-6-6 for filing a frivolous appeal is denied.

*Judgment affirmed in part and reversed in part. Birdsong, C. J., and Beasley, J., concur.*

DECIDED MAY 19, 1988 —
REHEARING DENIED JUNE 28, 1988.

*C. Ronald Patton*, for appellants.
*Timothy A. Pape*, for appellees.