Rochelle M. LOEWENHAGEN, Plaintiff-
Respondent,†

v.

INTEGRITY MUTUAL INSURANCE COMPANY,
Willis Johnson, and Cotter & Company, Defendants,

Patrick GRIESBACH, Dairyland Insurance Company,
Defendants-Third-Party Plaintiffs-Respondents,

Joshua BEATTIE, by his guardian, Dawn Griesbach,
and in her own right, and Guardian ad Litem, William
Woodrow, Third-Party Defendants-Additional-Third-
Party Plaintiffs,

SECURA INSURANCE COMPANY, Third-Party
Defendant-Appellant,

EMPLOYERS HEALTH INSURANCE, Additional-
Third-Party Defendant,

CENTRAL STATES SOUTHEAST & SOUTHWEST
AREAS HEALTH & WELFARE FUND, and Time
Insurance Company, Additional-Defendants.

Court of Appeals

*No. 91-0063. Submitted on briefs June 28, 1991.—Decided July
23, 1991.*

(Also reported in 473 N.W.2d 574.)

†Petition to review denied.

On behalf of the third-party defendant-appellant, Secura Insurance Company, the cause was submitted on the briefs of *Michael S. Siddall* of *Herrling, Clark, Hartzheim & Siddall, Ltd.* of Appleton.

On behalf of the plaintiff-respondent, Rochelle M. Loewenhagen, the cause was submitted on the brief of

*Thomas A. Maroney* of *Johnson, Hansen, Shambeau, Johnson & Maroney, S.C.* of Waupaca.

On behalf of the defendants-third party plaintiffs-respondents, Patrick Griesbach and Dairyland Insurance Company, the cause was submitted on the brief of *Alan S. Hoff* of *Glenn & Hoff, S.C.* of Appleton.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   Secura Insurance Company appeals the trial court's decision denying Secura's motion for summary judgment and granting Rochelle Loewenhagen's motion for summary judgment. Secura contends the trial court erred by determining that the insurance policy covering its named insured also provided liability coverage for a subsequent owner of the vehicle not named as an additional insured in the policy. We agree with Secura and reverse the trial court's judgment.

On Saturday, December 19, 1987, Patrick Griesbach went to the home of Robert Stibbs in order to purchase a truck from him. The two agreed on a purchase price of $250 for Stibbs' 1969 GMC pickup truck. Griesbach did not pay Stibbs for the truck on that date, but agreed to pay for the truck whenever he could afford it. However, Stibbs did sign the title over to Griesbach that day, and Griesbach took possession of the title and the truck. Later that evening, while driving the truck, Griesbach was involved in an accident with Loewenhagen. On December 22, 1987, the following Tuesday, Stibbs contacted his insurance agent and asked that his policy be amended to cancel coverage for the truck because it was sold the previous Saturday. The insurance agent canceled coverage effective December 22, 1987.

Secura was named as a defendant in the personal injury action that ensued on the basis of the automobile

policy it issued to Stibbs, the registered owner of the truck on the date of the accident. The sole issue on appeal is whether Secura's insurance contract with Stibbs continued to provide coverage for the truck after the truck was sold to Griesbach. We conclude that it did not and, therefore, reverse the judgment of the trial court.

Because title was endorsed and delivered, there is no issue of material fact concerning the ownership of the vehicle in this case. *See Bacheller v. Employers Mut. Liab. Ins. Co.,* 93 Wis. 2d 564, 287 N.W.2d 817 (1980). That case also revolved around whether the insurance company for the named insured continued to cover the vehicle once the named insured sold the vehicle. In *Bacheller,* the driver of the vehicle involved in the accident had met with the registered owner to negotiate a sale of the vehicle. The central controversy was whether the vehicle was "sold." There was a dispute over whether title to the car had been signed and transferred. In discussing the applicable law, the *Bacheller* court stated that where title "has been endorsed and delivered, a conclusive presumption arises, as provided in sec. 342.15(3), that ownership was transferred; where it has not been endorsed and delivered, the intent and conduct of the parties govern." *Id.* at 573c, 290 N.W.2d 872, 874 (modified on reconsideration). Therefore, because the title was endorsed and delivered to Griesbach, who also had possession of the truck, he is conclusively presumed to be the owner absent an express agreement to the contrary and delayed payment is not such an agreement.

Because the material facts in this case are undisputed, the only question before this court is whether the truck was covered at the time of the accident under the

language of the Secura insurance policy. The construction of language in an insurance policy is a question of law that we review de novo. *Lambert v. Wrensch,* 135 Wis. 2d 105, 115, 399 N.W.2d 369, 373–74 (1987). First, we look to the language of the insurance policy to determine if an ambiguity exists. We cannot modify the unambiguous language of an insurance policy. *Schroeder v. Blue Cross & Blue Shield,* 153 Wis. 2d 165, 173, 450 N.W.2d 470, 473 (Ct. App. 1989). An ambiguity exists when the insurance policy is reasonably susceptible to more than one construction from the viewpoint of a reasonable person of ordinary intelligence in the position of the insured. *Id.* at 174, 450 N.W.2d at 473. In determining whether there is an ambiguity, we must look to the policy as a whole and give meaning to each of the provisions in the policy if possible. *Kraemer Bros. v. United States Fire Ins. Co.,* 89 Wis. 2d 555, 562, 278 N.W.2d 857, 860 (1979).

Loewenhagen argues that the policy covered the truck at the time of the accident based on the following language:

> We will pay damages for which an *insured person* is legally liable because of *bodily injury* or *property damage* resulting from the ownership, maintenance or use of a *car* or *utility trailer.*

The policy defines an *insured person* as:

a.   You or a relative.

b.   A person using *your insured car.*

c.   Any other person or organization with respect only to legal liability for acts or omissions of:
    i.   A person covered under this Part while using *your insured car.*

ii. You or a relative covered under this Part while using . . ..

No person, other than a *relative* using *your insured car,* shall be considered an *insured person* if that person uses a vehicle without a reasonable belief of having permission to use a vehicle.

The policy defines *your insured car* to be: "A *car* or *utility trailer* described in the Declarations." Based on this language alone, Loewenhagen reasons that the policy covers the truck Stibbs sold to Griesbach. Loewenhagen argues that the truck was a vehicle listed in the declarations, that Griesbach was a person using that insured car and that he had reasonable belief of having permission to use the truck. However, even when read apart from the rest of the policy, these provisions do not provide coverage in this case.

Loewenhagen argues that Griesbach had Stibbs' permission to use the car. Stibbs, however, was no longer the owner of the vehicle. He could not give permission to use a vehicle over which he no longer had control. His decision to transfer ownership, despite the fact that the purchase price was not yet paid, cannot be deemed permission to drive the truck. Nor could Griesbach reasonably believe he had permission to drive the truck. No reasonable person in Griesbach's position would understand his use to be permissive rather than by virtue of his ownership. This provision of the policy providing coverage to a person who has reasonable belief of having permission to use the vehicle, therefore, does not apply to Griesbach.

Although the Wisconsin Supreme Court has not directly addressed this issue, our decision is in accord with many other jurisdictions in holding that permission

89

cannot be granted by one who has no authority to grant it. In *Nationwide Mut. Ins. Co. v. Cole,* 124 S.E.2d 203 (Va. 1962), the court was addressing a similar issue. In *Nationwide,* the plaintiff was injured as a result of a car accident caused by Benjamin Harris. One month prior to the accident Harris had purchased the car from Arthur Clark. Nationwide was involved in the suit as the carrier for Clark. The court found that after the transfer of the vehicle to Harris, the use of the vehicle by Harris was not with the "permission" of the named insured on the policy. In reaching its conclusion, the court stated:

> It is well settled that "permission" to drive a car within the meaning of the omnibus coverage clause, connotes the power to grant or withhold it. Therefore, in order for one's use and operation of an automobile to be within the meaning of the omnibus coverage clause requiring the permission of the named insured, the latter must, as a general rule, own the insured vehicle or have such an interest in it that he is entitled to the possession and control of the vehicle and in a position to give such permission. If the named insured has sold the vehicle, its subsequent use by the buyer is by virtue of the latter's ownership and his right to control it and not by virtue of the permission of the named insured seller.

*Id.* at 206 (citations omitted). Griesbach, when driving the car at the time of the accident, was an owner not a permittee. Nor can we find that Griesbach falls into this category because he gave himself permission to drive his own truck. The only reasonable reading of this provision is that it covers one who is driving the vehicle with a reasonable belief of having permission from another to drive, not from oneself. A person does not give himself permission to drive a vehicle he owns.

Additionally, Loewenhagen's reading of the above policy provisions ignores the policy language that provides: "This policy will also apply to each owner of *your insured car* named as an additional insured in the Declarations or in an attached Additional Interest Endorsement." If we read the policy in the manner in which Loewenhagen asks us, that each owner is covered regardless of whether they are named or not, this provision would be rendered superfluous. "No policy should be interpreted so as to render part of it useless or meaningless or to lead to an absurd result." *Chalk v. Trans Power Mfg.,* 153 Wis. 2d 621, 633, 451 N.W.2d 770, 776 (Ct. App. 1989). We refuse to read this provision out of the policy. Therefore, because Griesbach is an owner who is not named in the declarations or an attached additional endorsement, he is not covered under the policy.

Loewenhagen next argues that because Secura's policy does not specifically exclude coverage of nonowned vehicles, coverage is provided in this case. In support of her argument Loewenhagen cites *Handal v. American Farmers Mut. Cas. Co.,* 79 Wis. 2d 67, 255 N.W.2d 903 (1977). In *Handal,* the court stated that coverage was afforded on the basis of that policy due to the language of that policy and because, "[n]owhere in the definition of owned automobile did it state that the insured automobile must be owned in fact by the named insured." *Id.* at 82, 255 N.W.2d at 909. While it is true that Secura's policy does not completely exclude nonowned vehicles in its policy, Loewenhagen's reliance on *Handal* is misplaced.

*Handal* is distinguishable from the present case in at least one decisive respect. Secura's policy contains an additional provision that was not present in the policy in

91

*Handal.* Secura's inclusion of the requirement that each owner be either named in the declarations or in an additional attached endorsement makes *Handal* inapplicable to the facts presented here. Secura does not contain a provision excluding nonowned vehicles because it does insure nonowned vehicles under certain circumstances. It appears from the policy language that nonowned vehicles are covered when the named insured is driving a vehicle he does not own, or when each owner of an insured vehicle is named as an additional insured. Clearly and unambiguously, when the policy is read as an entire document, Secura contained requirements for the coverage of a nonowned vehicle that were not complied with in this case, therefore, Loewenhagen cannot prevail on this argument.

■ Finally, Loewenhagen argues that when Stibbs notified the insurance agent of the sale of the vehicle and the agent did not cancel the policy on the truck effective Saturday, the date of the sale of the vehicle, but instead canceled the policy on the following Tuesday, the day on which he was notified of the sale, that the agent was agreeing to an assignment of the policy. However, this argument ignores the clear policy language that states "Interest in this policy may not be assigned without our *written* consent." (Emphasis supplied.) Secura never agreed in writing to cover Griesbach, the new owner of the vehicle. Once again Loewenhagen's argument fails to convince us that the truck was covered once ownership was transferred to Griesbach.

■ Loewenhagen places unwarranted emphasis on the fact that the insurance agent, after having been notified on Tuesday that the truck was sold on Saturday, did not return portions of the premium covering the intervening

weekend period. The insurance contract is between the insured and the insurance company, therefore, if Stibbs believes his premiums were unfairly retained, he has recourse against the insurance company. The fact that Secura retained premiums prepaid for the weekend intervening between the date the truck was sold and the date the insurance company was notified of an amendment to the contract does not alter our decision regarding the policy contested in the record before us.

We conclude that the trial court erred by granting summary judgment in favor of Loewenhagen because the clear language of Secura's insurance policy does not cover the 1969 GMC pickup after its transfer to Griesbach. Because there is no issue of material fact in this case, we remand to the trial court with directions to grant Secura's motion for summary judgment.

*By the Court.*—Judgment reversed and cause remanded with directions.