A98A1686. PEACHTREE CASUALTY INSURANCE COMPANY
v. KIM et al.
(512 SE2d 46)

ANDREWS, Judge.

Peachtree Casualty Insurance Company (Peachtree), having filed a declaratory judgment action regarding coverage, appeals from the trial court's grant of summary judgment to its insured Young Ho Kim and State Farm Insurance Company (State Farm) and its insured and claimant under UM coverage, Chan Woo Hyun and So Young Na, in this suit arising from an accident between Kim's automobile and that of Hyun and Na.

Peachtree contends that the following exclusion in its policy precludes liability coverage and its duty to defend because, at the time of the accident, Kim's license had been revoked.[1] "Liability coverage and duty to defend does not apply to: . . . 13. *Bodily injury* or *property damage* caused by *your insured car* when it is driven, operated or used with *your* permission by a person whom *you* know: . . . d. Has a revoked driver's license." The definitions section states that " '[y]ou' and '*your*' mean the 'named insured' shown on the Declarations Page and spouse, if a resident of the same household."

As used in the liability part of the policy, " '[i]nsured person' or 'insured persons' means: a. You or a relative with respect to an accident involving your insured car. b. You or a relative while driving a non-owned car with permission. c. Any other person driving your insured car with your permission." (Underlined provisions in bold in policy.)

The issue, then, is whether the insured, under this exclusion, can be considered a "permissive user," i.e., does one give oneself permission to drive without a license so as to trigger the exclusion?

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it,

---

[1] At the time he obtained the insurance, Kim was a licensed driver.

in the light most favorable to the nonmovant." *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

"In Georgia, an insurer may fix the terms of its policy as it wishes, insuring against certain risks and excluding others, provided the terms are not contrary to law. *Hulstzman v. State Farm Fire &c. Co.*, 188 Ga. App. 12 (2) (372 SE2d 9) (1988). Where an insurer grants coverage to an insured, any exclusions from that coverage must be defined clearly and distinctly. *American Southern Ins. Co. v. Golden*, 188 Ga. App. 585, 586 (373 SE2d 652) (1988). Insurance in Georgia is a matter of contract and the parties to the contract of insurance are bound by its plain and unambiguous terms. *Richards v. Hanover Ins. Co.*, 250 Ga. 613 (1) (299 SE2d 561) (1983). However, if a provision of an insurance contract is susceptible of two or more constructions, even when the multiple constructions are all logical and reasonable, it is ambiguous (*Lakeshore Marine v. Hartford Accident &c. Co.*, 164 Ga. App. 417 (2) (a) (296 SE2d 418) (1982)), and the statutory rules of contract construction will be applied. Pursuant to the rule of construction set forth at OCGA § 13-2-2 (5), the contract will be construed strictly against the insurer/drafter and in favor of the insured. See *American Southern Ins. Co. v. Golden*, supra, 188 Ga. App. at 586." *Hurst v. Grange Mut. Cas. Co.*, 266 Ga. 712, 716 (4) (470 SE2d 659) (1996).

The clause at issue is not the newer "easy reading" clause addressed in *Hurst*, but the older "omnibus" clause. Id. at 713 (1). The newer clause uses "any person" instead of you and would, without question, include an unlicensed insured. *Cincinnati Ins. Co. v. Plummer*, 213 Ga. App. 265, 266 (1) (444 SE2d 378) (1994), overruled on other grounds, *Hurst*, supra at 717.

We need not determine whether the clause includes or does not include[2] the insured as a matter of law, however, because, as concluded by the trial court, the clause is subject to more than one reasonable interpretation which requires that it be interpreted in favor of the insured, Kim.

While Peachtree argues vigorously that it is implicit in the policy that the driver/insured must be licensed and, therefore, the exclusion applies, that is not clear from the policy as a whole. Had Peachtree, as drafter of the policy wanted to include such a requirement, it should have definitively done so. See *Brown v. North American &c. Ins. Co.*, 235 Ga. App. 299 (1) (508 SE2d 741) (1998).

---

[2] There is no Georgia case on point, since most such cases have involved a separate person. See *Southeastern Security Ins. Co. v. Empire Banking Co.*, 230 Ga. App. 755 (498 SE2d 282) (1998). The Wisconsin Court of Appeals has concluded that one cannot give permission to oneself to drive a car under these circumstances. *Loewenhagen v. Integrity Mut. Ins. Co.*, 164 Wis.2d 82, 90 (473 NW2d 574) (1991).

Therefore, summary judgment was properly granted to State Farm and Kim.

*Judgment affirmed. Ruffin, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 8, 1999 —
RECONSIDERATION DENIED MARCH 1, 1999 — 

*Hertz & Link, Houston D. Smith III*, for appellant.
*Rowe & Lawler, William P.. Rowe III*, for appellees.