A00A1665. CONNELL et al. v. GUARANTEE TRUST LIFE
INSURANCE COMPANY.
(541 SE2d 403)

SMITH, Presiding Judge.

This case arises out of the denial of insurance benefits to Caroline Connell by Guarantee Trust Life Insurance Company. The trial court granted summary judgment to Guarantee Trust, and Caroline and John Connell appeal. Because we conclude that genuine issues of material fact exist as to whether Caroline Connell had a preexisting condition excluding her from coverage, we reverse the trial court's order insofar as it grants summary judgment to Guarantee Trust on the Connells' breach of contract claim.

In September 1994, Guarantee Trust issued a nonrenewable blanket student accident policy to Georgia State University for the

1994-1995 school year. The following September, Guarantee Trust issued another policy for the 1995-1996 school year. Students could obtain insurance under the policies by applying for coverage and paying the required premiums. John Connell, a graduate student, and his wife Caroline Connell paid the premiums for coverage under these policies. On May 2, 1995, Mrs. Connell, pregnant at the time, discovered blood in her urine and underwent a KUB radiological x-ray that revealed kidney stones in her left kidney. Mrs. Connell received treatment for the kidney stones in May 1996 and submitted claims for coverage for this treatment. Those claims were denied. The Connells then filed this breach of contract action against Guarantee Trust seeking to recover benefits payable under the policies as well as bad faith penalties. Guarantee Trust answered and moved for summary judgment. The trial court granted the motion without explanation, and this appeal followed.

1. We agree with the Connells that the trial court erroneously granted summary judgment to Guarantee Trust on their breach of contract claim.

Under both policies, coverage is provided for sickness expenses. Each policy recites that Guarantee Trust will pay a percentage of eligible expenses in excess of $50 incurred by the insured "within fifty-two (52) weeks from the date of . . . first treatment for sickness." And each policy defines "sickness" as "sickness or disease which first becomes manifest and which first causes loss commencing while the policy is in force as to the insured person whose sickness is the basis of [a] claim." The two policies also contain the following exclusions: (1) "Expense incurred after 52 weeks from the date of the . . . first medical treatment for sickness" and (2) "Expense for . . . sickness which manifested itself prior to the effective date of coverage."

Guarantee Trust argues that Mrs. Connell's kidney stones constituted a preexisting condition excluded from coverage. Indeed, a medical report presented to the trial court shows that Mrs. Connell was tested and was diagnosed as having kidney stones in April 1993. Also in the record is a follow-up medical report dated December 16, 1993, reciting that after treatment of Mrs. Connell's kidney stones, "there is much quicker function on the left side, and the UPJ obstruction has been relieved. There continues to be caliectasis and calcifications in the lower pole of the left kidney." The report concludes as follows: "Improvement in the appearance of the IVP as compared to the exam of 4/23/93. There is prompt function on the left side, with absence of the UPJ obstruction." Guarantee Trust contends these documents show as a matter of law that the kidney stones diagnosed in 1995 constituted a condition that manifested itself before the dates of coverage under its policies.

It is axiomatic that on motion for summary judgment, all reason-

able inferences must be construed in favor of the nonmovant and that summary judgment is warranted only when the record shows by plain, palpable, and undisputed evidence that a party is entitled to judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991); *Godwin v. Johnson*, 197 Ga. App. 829, 831 (1) (399 SE2d 581) (1990). So construing the medical records presented by Guarantee Trust, the record does not demonstrate as a matter of law that Mrs. Connell's condition for which she sought coverage was merely the continuation of the medical condition diagnosed in April 1993. While one report indicates that "caliectasis and calcifications" remained in December 1993, that report also concludes that Mrs. Connell's left side showed "prompt function" and that no obstruction was present. As argued by the Connells, this medical record presents an issue of fact, and "a jury could reasonably conclude her earlier bout with kidney stones in 1993 had resolved."

Guarantee Trust further argues that coverage is not afforded under the 1994-1995 policy because it expired before Mrs. Connell incurred the medical expenses for which she seeks coverage. That policy does recite that its termination date is shown on the application, and the termination date shown on the application is September 19, 1995. As argued by Guarantee Trust, Mrs. Connell's medical expenses were not incurred until May 1996 when she received treatment for her kidney stones. But the fact that the policy may have terminated on September 19, 1995, is not dispositive of the issue, for we must look to the whole contract of insurance. When construing any part of a contract, a court must look to the whole of the contract, and "[t]he construction which will uphold a contract in whole and in every part is to be preferred." OCGA § 13-2-2 (4). As stated in *Shore v. Loomis*, 187 Ga. App. 674 (371 SE2d 96) (1988):

A contract should not be torn apart and construed in pieces, but the court should look to the entire instrument and so construe it as to reconcile its different parts and reject a construction which leads to contradiction, in order to ascertain the true intention of the parties, which is the real purpose of the judicial construction of contracts.

(Citations and punctuation omitted.) Id. at 675 (1).

The 1994-1995 policy defines "sickness" as any sickness that manifests itself and causes loss while the policy is in force. And as discussed above, at least a question of fact exists as to whether Mrs. Connell's illness manifested itself while the policy was in effect. The policy then goes on to recite that coverage will be afforded for certain expenses incurred within 52 weeks of the date of the first treatment. This language contemplates that some expenses incurred due to a

covered sickness might occur after expiration of the policy period, if the illness first manifests itself late in the policy term. To conclude otherwise would render meaningless the policy language providing coverage for 52 weeks following manifestation of the illness, in contravention of the rule that we must attempt to construe contracts to uphold every part.

Guarantee Trust also maintains that coverage was not available because Mrs. Connell's expenses were incurred more than 52 weeks after the May 1995 diagnosis for kidney stones. It contends that because Mrs. Connell's first medical treatment occurred on May 2, 1995, when the test was performed revealing the presence of kidney stones, expenses related to treatment of this condition incurred beginning in late May 1996 are excluded from coverage. But the word "treatment" as used in policies of insurance is susceptible of multiple meanings. See *Beggs v. Pacific Mut. Life Ins. Co.*, 171 Ga. App. 204, 205-206 (2) (318 SE2d 836) (1984). And diagnostic examinations and treatment are not synonymous under Georgia law. In *Mut. Life Ins. Co. v. Bishop*, 132 Ga. App. 816 (209 SE2d 223) (1974), this court stated that the term " 'medical care and treatment' " refers generally "to something done in the application of the curative arts, whether by drugs or other therapy, with the end in view of alleviating a pathological condition. Thus, surgery, in its extended sense, may constitute 'care and treatment' when a mere examination does not." Id. at 818 (2). This court went on to hold that when "the purpose of the two preoperative visits was for diagnostic and evaluation purposes only, with no treatment involved," the visits were not excluded under the plaintiff's insurance policy. Id. See also *Beggs*, supra. In Georgia, the insurer bears the burden of showing that a fact situation falls within an exclusionary clause of an insurance policy. *Bishop*, supra, 132 Ga. App. at 817 (1). And when construction of a policy is required, exclusions must be construed against the insurer and in favor of the insured. Id.

> [I]f a provision of an insurance contract is susceptible of two or more constructions, even when the multiple constructions are all logical and reasonable, it is ambiguous, and the statutory rules of contract construction will be applied. Pursuant to the rule of construction set forth at OCGA § 13-2-2 (5), the contract will be construed strictly against the insurer/drafter and in favor of the insured.

(Citations and punctuation omitted.) *Peachtree Cas. Ins. Co. v. Kim*, 236 Ga. App. 689, 690 (512 SE2d 46) (1999).

Here, the term "treatment" is not defined by the policy, and as shown by *Beggs*, supra, and *Bishop*, supra, it is susceptible of more

than one meaning. It is an ambiguous term that must be construed against Guarantee Trust. *Peachtree Cas.*, supra. We must consequently conclude that the term "treatment" as used in the policy does not include the diagnostic exam conducted in May 1995. Instead, the date of first treatment occurred in May 1996 when Mrs. Connell underwent an "application of the curative arts . . . with the end in view of alleviating" her condition. *Bishop*, supra, 132 Ga. App. at 818 (2). If a jury concludes that Mrs. Connell's condition first manifested itself within the 1994-1995 policy period, she should be afforded coverage under that policy for expenses incurred within 52 weeks of her May 1996 treatment. As the drafter of the insurance policy, had Guarantee Trust desired to define "treatment" as including diagnosis and evaluation, it "should have definitively done so. [Cit.]" *Peachtree Cas.*, supra, 236 Ga. App. at 690.[1]

2. Because the Connells make no argument concerning the trial court's order granting summary judgment to Guarantee Trust with respect to their bad faith claim, that portion of the trial court's order stands affirmed.

*Judgment affirmed in part and reversed in part. Johnson, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 23, 2000.

*Swift, Currie, McGhee & Hiers, Christopher D. Balch*, for appellants.

*Dennis, Corry & Porter, Grant B. Smith, John D. Dixon*, for appellee.

[1] Guarantee Trust's reliance on *Brown v. JMIC Life Ins. Co.*, 222 Ga. App. 670 (474 SE2d 645) (1996) for the proposition that "treatment" includes diagnosis is misplaced. That case is not binding authority, as one judge on the three-judge panel concurred specially. See Court of Appeals Rule 33 (a).