A03A0594. AFLAC INCORPORATED v. CHUBB & SON, INC. et al.

(581 SE2d 317)

ELDRIDGE, Judge.

AFLAC Incorporated, a major insurance company primarily selling supplemental group and cancer insurance, brought the instant action against its insurers, Chubb & Son, Inc., Chubb Indemnity Insurance Company, Great Northern Insurance Company, and Jordan/Woolfolk Insurance Company ("Chubb"). AFLAC sought declaratory relief as to coverage and damages under two Chubb contracts of all-risk property insurance for remediation costs incurred upon converting its computer systems from two-digit to four-digit date recognition capability in anticipation of the Year 2000 ("Y2K") computer problem, i.e., a known computer design limitation in computer hardware and software systems evidenced by incapacity for more than two-digit date recognition rendering such systems unable to properly recognize and manipulate twenty-first century dates. Chubb answered, denying coverage and asserting 29 separate affirmative defenses. Following a status conference, the trial court stayed further discovery and ordered AFLAC to file a motion for summary judgment. This AFLAC did by its motion for partial summary judgment and declaratory judgment, seeking a declaration as to coverage. AFLAC appeals from the denial of summary judgment upon the grant of a certificate of immediate review, arguing that the trial court erred in failing to declare that the Chubb policies afforded it coverage; erred in not construing such insurance most strongly in favor of AFLAC as the insured; and erred in construing the policy terms in issue under the legal principles of fortuity and outside peril. Because AFLAC's motion for partial summary judgment and declaratory relief was properly denied for want of coverage, we affirm. *Held*:

1. It is axiomatic on motion for summary judgment, all reasonable inferences must be construed in favor of the nonmovant and that summary judgment is warranted only when the record shows by plain, palpable, and undisputed evidence that a party is entitled to judgment as a matter of law. *Connell v. Guarantee Trust Life Ins. Co.*, 246 Ga. App. 467, 469 (541 SE2d 403) (2000). If the movant for summary judgment fails to show an entitlement to a judgment as a matter of law, with the evidence viewed in favor of the nonmoving party, a prima facie case has not been shown. *Case v. RGA Ins. Svcs.*, 239 Ga. App. 1, 3 (521 SE2d 32) (1999). Moreover, in an action on an insurance policy, the insured must show that the occurrence was within the type of risk insured against in order to make a prima facie case. *Ga. Farm &c. Ins. Co. v. Alloway*, 134 Ga. App. 660, 661 (215 SE2d 506) (1975).

The policies here in issue, Chubb's Financial Institutions Policy ("Financial Policy") and its International Commercial Policy ("Inter-

national Policy"), as renewed,[1] insured AFLAC under similar terms of insurance. Both policies provided AFLAC all-risk personal property coverage — the International Policy "for direct physical loss of, or damage to" covered property and the Financial Policy for "direct physical loss or damage to" such property if caused by or the result of a peril not otherwise excluded. The Financial Policy also insured AFLAC against "direct physical loss or damage to" newly acquired electronic data processing equipment and against extra business expenses, actual or potential, incurred for operational delay upon such loss or damage to property "away from" the insured premises by civil authority. In light of the foregoing, we must determine the meaning of nearly identical terms of insurance, that is, coverage as in the International Policy for "direct physical loss of, or damage to" insured property and coverage as in the Financial Policy for "direct physical loss or damage to" the same.

> The relevant rules of contract construction guide the analysis of these contract provisions. In construing an insurance contract, [the] court must consider it as a whole, give effect to each provision, and interpret each provision to harmonize with each other. [*Boardman Petroleum v. Federated Mut. Ins. Co.*, 269 Ga. 326, 328 (498 SE2d 492) (1998).] The policy should be read as the layman would read it. [*Nationwide &c. Ins. Co. v. Collins*, 136 Ga. App. 671 (222 SE2d 828) (1975).]

(Footnotes omitted.) *York Ins. Co. v. Williams Seafood of Albany*, 273 Ga. 710, 712 (1) (544 SE2d 156) (2001). By its brief on appeal, as it did below, AFLAC contends that the terms of insurance in issue should be read disjunctively in that each employs the word "or"; that the words "direct physical" should be read as modifying the word "loss" alone; and, citing *America Online v. Nat. Health Care Discount*, 121 FSupp.2d 1255 (N.D. Iowa 2000), that the word "damage" should be read as providing coverage separately for "any impairment to the integrity or availability of data." AFLAC further contends that the insertion of a comma after the word "loss" in the International Policy "heavily buttresse[s]" its interpretation of the insuring clauses as terms of insurance in the disjunctive affording it separate coverages for direct physical loss and for damage. We disagree.

The terms at issue here plainly employ the word "or" not in the

---

[1] The record shows that the Financial Policy was renewed annually four times in the period May 16, 1996, through May 16, 2000. The International Policy, in turn, was renewed three times from January 30, 1998, to May 16, 2000.

disjunctive but as a coordinating conjunction[2] connecting the coverage words "loss" and "damage." The coordinating adjectives[3] "direct physical" as modifying[4] the word "loss," thus obviously modify the word "damage" as "connected" to the word "loss." That a comma in addition to the word "or" was employed in the International Policy does not make this less so. Moreover, the words "loss of" in the International Policy and the words "damage to" used in both policies make it clear that coverage is predicated upon a change in the insured property resulting from an external event rendering the insured property, initially in a satisfactory condition, unsatisfactory. The word "direct" as modifying the word "physical" means only that the change in the insured property occurred by the action of the fortuitous event triggering coverage.[5] "Direct" is defined as "[w]ithout intervening persons, conditions, or agencies; immediate." American Heritage Dictionary (2nd college ed. abridged, Dell, 1985), p. 200.

While we have been unable to find any Georgia precedent construing the term of insurance "direct physical loss or damage," the common meaning of the words and the policies as a whole indicate that it contemplates an actual change in insured property then in a satisfactory state, occasioned by accident or other fortuitous event directly upon the property causing it to become unsatisfactory for future use or requiring that repairs be made to make it so. See, e.g., *Trinity Indus. v. Ins. Co. of North America*, 916 F2d 267, 271 (5th Cir. 1990); *Wolstein v. Yorkshire Ins. Co.*, 97 Wn. App. 201, 213 (985 P2d 400) (1999); *North American Shipbuilding v. Southern Marine &c. Underwriting*, 930 SW2d 829, 833 (Tex. App. 1996).

AFLAC concedes that the inability of its computer systems and software to process twenty-first century dates existed from the time the systems were created by design. Further, AFLAC avers that it successfully avoided its Y2K problem upon undertaking a comprehensive remediation program to upgrade such systems and software. No change in such systems as evidenced by direct physical loss of or

---

[2] "Conjunctions serve as connectors. The coordinating conjunctions (*and, but, or, nor, for, so,* and *yet*), as well as the correlatives (*both – and, either – or, neither – nor, not only – but also, whether – or*), connect sentence elements (words, phrases, or clauses) of equal grammatical rank." (Emphasis in original.) Harbrace College Handbook (11th ed.), p. 16.

[3] Where the addition of the word "and" between adjectives not separated by a coordinate conjunction "make[s] sense, the adjectives are coordinate." Id. at 133.

[4] Generally, adjective clauses should be placed near the words they modify. Id. at 270.

[5] An event happening by chance or accident. That which happens by a cause which cannot be resisted. An unforeseen occurrence, not caused by either of the parties, nor such as they could prevent. For purposes of an all risk insurance policy, an event which occurs accidentally, as a lay person, and not a technician or scientist, would understand it. It is an event which happens by chance, unexpectedly, or without known cause; *one which is undesigned or unplanned.* (Emphasis supplied.) Black's Law Dictionary (6th ed.), p. 654.

damage thereto as a result of a fortuitous event having been alleged, AFLAC failed to make out a prima facie claim for coverage under the policies in issue. In effect, AFLAC seeks no more than an ordinary cost of doing business — that is, a maintenance and renovation expense in the nature of the cost of upgrading its computer systems and software upon a known design limitation. The instant policies of property insurance are contracts of indemnity against loss or damage due to a fortuitous event. As such, they do not afford coverage for sums expended to improve or better property wholly apart from any indemnification purpose. See *American Bumper &c. Co. v. Hartford Fire Ins. Co.*, 452 Mich. 440, 462 (550 NW2d 475) (1996) (voluntary improvement to covered property a regular cost of doing business not recoverable); see also *Armada Supply v. Wright*, 858 F2d 842, 853 (2nd Cir. 1988) (expenses undertaken in the ordinary course of business not reimbursable as sue and labor).

AFLAC failed to support its motion for summary judgment by any evidence which would give rise to a genuine issue of material fact supportive of its recovery under the policies in issue. OCGA § 9-11-56 (e). Accordingly, the trial court did not err in denying AFLAC summary judgment thereon.

2. In light of our disposition of Division 1, we need not consider AFLAC's remaining claims of error.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED MARCH 14, 2003.

*Pope, McGlamry, Kilpatrick, Morrison & Norwood, Paul Kilpatrick, Jr., William U. Norwood III, John R. Bevis, Finley & Buckley, James B. Finley*, for appellant.

*Denney, Pease, Allison & Kirk, John W. Denney, Tisinger, Tisinger, Vance & Greer, Douglas C. Vassey*, for appellees.

