[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12107

Non-Argument Calendar

_____

RESTAURANT GROUP MANAGEMENT, LLC,

ATLANTA'S BEST PATIO, LLC,

f.k.a. Peach State Restaurants, LLC,

d.b.a. Einstein's,

EAT AT JOE'S, LLC,

a.k.a. Political Concepts,

d.b.a. Joe's on Juniper,

NORTHLAKE ROXX, LLC,

d.b.a. Hudson Grille Tucker,

RESTAURANT 104, LLC,

a.k.a. Atlanta Sports Restaurant, LLC,

d.b.a. Hudson Grille Midtown, et al.,

Plaintiffs-Appellants,

2                    Opinion of the Court                    21-12107

*versus*

ZURICH AMERICAN INSURANCE COMPANY,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-04782-TWT

————————————

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

This appeal involves claims for insurance coverage stemming from restaurant closures and reduced capacity caused by the COVID-19 pandemic. The question is whether, under Georgia law, the COVID-19 related business losses suffered by the plaintiffs—the owners and operators of food service establishments in metropolitan Atlanta, as well as a restaurant management group—constituted "direct physical loss of or damage to" insured property under a policy issued by the defendant, Zurich American Insurance Company. The district court held that it did not and granted Zurich's motion to dismiss. The restaurants appealed.

21-12107               Opinion of the Court               3

Our Court recently decided a case involving claims for COVID-19 losses under a set of nearly identical insurance contract provisions, concluding that, under Georgia law, direct physical loss of or damage to property requires a "tangible change to a property" and that COVID-19 caused only "intangible harm." *Henry's Louisiana Grill, Inc. v. Allied Ins. Co. of Am.*, No. 20-14156 (11th Cir. June 3, 2022), slip op. at 6, 8. Because the losses alleged here did not involve a tangible change to the restaurants, the district court properly dismissed the case. Therefore, after careful review, we affirm.

## I.     Factual Background

The plaintiffs own and operate restaurants in metropolitan Atlanta and are insured under the same commercial property policy (the "Policy") issued by Zurich American Insurance Company. The Policy covers real and personal property losses, losses due to suspension of business operations, extra expenses, and losses stemming from government orders. However, to recover under any of these policy provisions, the claimed losses must stem from "direct physical loss of or damage to" property.

In April 2020, COVID-19 spread throughout the country, and Georgia's governor declared a state of emergency and issued a shelter in place order, shutting down the restaurants. In May 2020, the governor issued another order, permitting the restaurants to reopen but requiring social distancing, additional sanitation measures, and limited capacity.

In March 2020, the restaurants submitted claims with Zurich for "loss of stock, suspension of operations, limitations on ingress and egress, civil authority ordered closings, limitations on operations and loss of business income occasioned by the virus." Zurich denied their claims.

The restaurants sued Zurich in Georgia state court for breach of contract and bad faith for the denial of their insurance claims. Zurich removed the suit to federal district court and moved to dismiss. The district court granted the motion, holding that "direct physical loss of or damage to" property required showing a tangible injury to the property and that COVID-19 and the accompanying closure orders did not create one.[1] The restaurants appealed.

---

[1] The district court held that the tangible injury to property requirement applied to coverage under all but one Policy provision. As to the one Policy provision that did not require a showing of direct physical damage—the Expense to Reduce Loss provision, which covers mitigation expenses reasonably necessary to reduce lost business income—the district court found that the restaurants identified no mitigation expenses. The district court then dismissed the claims relating to the Expense to Reduce Loss provision without prejudice. The restaurants do not challenge the dismissal of these claims, and we do not address them on appeal. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

## II.    Standard of Review

We review de novo a district court's order granting a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Lisk v. Lumber One Wood Preserving, LLC*, 792 F.3d 1331, 1334 (11th Cir. 2015); FED. R. CIV. P. 12(b)(6). "We take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). Yet we need not accept the legal conclusions in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

To avoid dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain sufficient factual matter that, accepted as true, "state[s] a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quotation omitted).

## III.    Discussion

For any of the plaintiffs' insurance claims to be viable, they had to stem from "direct physical loss of or damage to" covered property. The dispositive question, therefore, is whether losses from the suspension of business operations, reduced capacity, and

6                    Opinion of the Court                    21-12107

increased cleaning and sanitation costs constitute "direct physical loss of or damage to" property under Georgia law.[2]

Our recent decision in *Henry's Louisiana Grill* resolves this appeal. In that case, we addressed whether (under Georgia law), "direct physical loss of or damage to" property included losses stemming from the suspension of business operations and extra costs incurred because of COVID-19. *Henry's Louisiana Grill, Inc.*, No. 20-14156, slip op. at 4. Looking to the Georgia Court of Appeals's decision in *AFLAC Inc. v. Chubb & Sons, Inc.*, 581 S.E.2d 317 (Ga. Ct. App. 2003), which read the phrase "direct physical loss of, or damage to" to mean an "actual change in insured property," *id.* at 319, we held that "a tangible change to property" is required and that the harm caused by COVID-19 is "intangible." *Henry's Louisiana Grill, Inc.*, No. 20-14156, slip op. at 6, 8.

Here, the restaurants identify two alleged "direct physical loss[se]s" caused by the COVID-19 pandemic: reduced seating capacity and "property contamination due to the virus." But neither reduced capacity nor the presence of the virus on surfaces within the restaurants constitutes tangible harm to the insured properties. *See id.* Because the restaurants failed to plead a direct physical loss of or damage to property—a prerequisite to recover under each of the Policy provisions at issue—Zurich properly

---

[2] The parties do not dispute that Georgia law controls the interpretation of the Policy.

21-12107                    Opinion of the Court                    7

denied the restaurants' claims.  Accordingly, the district court did not err in granting Zurich's motion to dismiss.[3]

  **AFFIRMED.**

---

[3] The restaurants also ask us to certify several questions to the Georgia Supreme Court, including about the meaning of "direct physical loss of or damage to."  This Court may certify a question to the Georgia Supreme Court if we "maintain more than substantial doubt as to how the issue before us would be resolved" under Georgia law.  *See Toomey v. Wachovia Ins. Servs., Inc.*, 450 F.3d 1225, 1231 (11th Cir. 2006).  Yet "certification should never be automatic or unthinking.  We use much judgment, restraint, and discretion in certifying.  We do not abdicate." *Escareno v. Noltina Crucible and Refractory Corp.*, 139 F.3d 1456, 1461 (11th Cir. 1998) (quotation omitted).  In light of our binding decision in *Henry's Louisiana Grill*, we do not harbor substantial doubt about the correctness of the district court's decision here.  Accordingly, we DENY the restaurants' motion to certify questions to the Georgia Supreme Court.