[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13506

Non-Argument Calendar

_____

AIKG, LLC,

Plaintiff-Appellant,

versus

THE CINCINNATI INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-04051-TWT

_____

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

This appeal involves claims for insurance coverage stemming from entertainment venue closures and reduced capacity caused by the COVID-19 pandemic. The question is whether, under Georgia law, the COVID-19 related business losses suffered by AIKG—the owners and operators of entertainment establishments in Georgia—constituted "direct 'loss' to property at 'premises'" under a policy issued by the defendant, the Cincinnati Insurance Company (Cincinnati). The district court held that it did not and granted Cincinnati's motion to dismiss. AIKG appealed.

This Court recently decided a case involving claims for COVID-19 losses under a set of nearly identical insurance contract provisions, concluding that, under Georgia law, "direct physical loss of or damage to" property requires a "tangible change to a property" and that COVID-19 caused only "intangible harm." *Henry's Louisiana Grill, Inc. v. Allied Ins. Co. of Am.*, 35 F.4th 1318, 1318 (11th Cir. 2022). Because the losses alleged here did not involve a tangible change to AIKG's entertainment venues, the district court properly dismissed the case. Therefore, after careful review, we affirm.

## I.    Background

AIKG, LLC operates an amusement business that offers indoor go-karting, video arcades, full-service dining, and other

attractions at locations in Georgia, Texas, and Florida. AIKG purchased two property insurance policies (the "Policies")—one for its Georgia and Texas locations and another for its Florida locations—from Cincinnati. The Policies were in effect between June 1, 2019, and June 1, 2020, and insured against "direct 'loss'" to AIKG's property. "Loss" is defined as "accidental physical loss or accidental physical damage." In the event of a covered loss, the Policies provided Business Income, Extra Expenses, Extended Business Income, Civil Authority, Ingress and Egress, and Dependent Property coverage.[1]

The COVID-19 pandemic upended AIKG's business. As the public health crisis rapidly unfolded across the United States in March 2020, state officials in Georgia, Texas, and Florida ordered non-essential businesses, including restaurants and amusement operators, to cease in-person operations and later permitted them to reopen only under strict occupancy restrictions and sanitation requirements. Pursuant to these orders and health and safety concerns, AIKG shut down all five of its locations on March 17, 2020. It then filed insurance claims under the Policies to recover financial losses stemming from the closures, but Cincinnati denied coverage.

AIKG sued Cincinnati in Georgia state court on August 31, 2020, asserting claims for breach of contract (Count I), statutory

---

[1] These forms of coverage are defined in AIKG's complaint and Building and Personal Property Coverage Form.

bad faith (Count II), and declaratory judgment (Count III). Cincinnati removed the action to federal district court pursuant to its diversity jurisdiction and moved to dismiss AIKG's claims under Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion, holding that "direct physical loss or damage" requires "an actual change in insured property" and the virus does not physically alter the property.

## II.    Standard of Review

We review de novo a district court's order granting a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Lisk v. Lumber One Wood Preserving, LLC*, 792 F.3d 1331, 1334 (11th Cir. 2015). "We take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). Yet we need not accept the legal conclusions in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

To avoid dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain sufficient factual matter that, accepted as true, "state[s] a claim to relief that is plausible on its face." *Id.* (quotation omitted).

## III.    Discussion

AIKG argues that it adequately pleaded facts sufficient to survive a 12(b)(6) motion, such as that the presence of COVID-19

on property caused physical damage. AIKG also argues that the district court misread Georgia caselaw on this question.

For any of the plaintiffs' insurance claims to be viable, they had to stem from "direct loss to property at premises." The dispositive question, therefore, is whether losses from the suspension of business operations, reduced capacity, and increased cleaning and sanitation costs constitute "direct loss to property at premises" under Georgia law when "loss" means "accidental physical loss or accidental physical damage."

Our recent decision in *Henry's Louisiana Grill* resolves this appeal. In that case, we addressed whether (under Georgia law), "direct physical loss of or damage to" property included losses stemming from the suspension of business operations and extra costs incurred because of COVID-19. *Henry's Louisiana Grill, Inc.*, 35 F.4th at 1318. Looking to the Georgia Court of Appeals's decision in *AFLAC Inc. v. Chubb & Sons, Inc.*, 581 S.E.2d 317 (Ga. Ct. App. 2003), which read the phrase "direct physical loss of, or damage to" to mean an "actual change in insured property," *id.* at 319, we held that "a tangible change to property" is required and that the harm caused by COVID-19 is "intangible." *Henry's Louisiana Grill, Inc.*, 35 F.4th at 1318.

Here, the restaurants identify one alleged "direct physical loss" caused by the COVID-19 pandemic: contamination of the covered premises by COVID-19. But as we held in *Henry's Louisiana Grill*, the presence of COVID-19 is not a tangible harm. Nor is reduced capacity caused by the pandemic and related

6                        Opinion of the Court                    21-13506

government orders. *See id.* Because the restaurants failed to plead a direct physical loss of or damage to property—a prerequisite to recover under each of the Policy provisions at issue—Cincinnati properly denied the restaurants' claims. Accordingly, the district court did not err in granting the Cincinnati's motion to dismiss.

**AFFIRMED.**